## WILLIAM THOMPSON

### *v.*

## FREDERICK J. MAXWELL.

CONTRACT—*for the delivery of hedge plants to agent for sale on commission, construed.* Where a party, having on hand a large quantity of hedge plants, contracts to furnish a certain number to an agent, to be sold on commission, without any warranty as to their quality, he will not be bound to deliver different plants than those he has.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Mr. S. S. LAWRENCE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace, and taken by appeal to the circuit court of Livingston county.

The cause was submitted to the court for trial, without the intervention of a jury, and judgment was rendered in favor of the plaintiff, against the defendant, for the sum of $97.62.

The suit was instituted upon a written contract, which was as follows:

"Agreement made this 10th of February, 1872, between Frederick J. Maxwell and William Thompson, of Pontiac, Illinois. Said Thompson agrees to furnish said Maxwell from three to four hundred thousand hedge plants, for the purpose of sale the coming spring, in quantities as he, said Maxwell, shall need to supply the demand for said plants in Pontiac and vicinity, during the time plants are needed in the said market; Maxwell agreeing to sell said plants for said Thompson at the market price, receiving for such sales 75 cents per 1000 sold; to take the plants and take care of them while the sales are being made, and sell as in his best judgment he shall see fit; sell for cash all he can, or take notes of good men; Thompson to take such notes as cash; Maxwell to pay to Thompson the amounts of sales as fast as made, less his commission; Thompson to keep said Maxwell supplied with plants as fast as possible.

F. J. MAXWELL,
WM. THOMPSON."

It appears, from the evidence, that Thompson delivered Maxwell, under the contract, 100,000 hedge plants; that Maxwell refused to receive more, for the reason that they were not No. 1 plants, and not saleable, and instituted this suit to recover damages for an alleged failure of Thompson to comply with the contract, in not delivering No. 1 plants.

It is shown by the record that, before the contract was made, Maxwell examined the hedge plants, and had ample opportunity to know their quality. It is not claimed that Thompson made any false or fraudulent representations in regard to the plants, or that he said or did anything in the least calculated to deceive the plaintiff.

The defendant had a half million of plants that he had raised. When the plaintiff entered into the contract offered in evidence, it was with the view, undoubtedly, to sell these

10—71st ILL.

particular plants on commission. It was not expected that the defendant should furnish other or different plants than those he had on hand, and which were examined by the plaintiff previous to his entering into the contract.

The contract offered in evidence contains no terms of warranty as to the condition, grade or quality of the hedge plants. In the defendant's evidence, he testifies, "The plants delivered were the best on the place. I was ready to deliver such as I had, but Maxwell refused to take any more. He claimed they were not No. 1 plants."

The only reasonable construction that can be placed upon this contract is, that the defendant was bound to deliver, for sale, such plants as he had. Had the plaintiff desired a better grade of plants, he should have provided for the same in the contract. This he failed to do, and, as the evidence shows the defendant fully complied with the contract on his part, we see no ground upon which a recovery could be had.

The judgment of the circuit court will be reversed.

*Judgment reversed.*